IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**

MAR 3 0 2005

RALPH L. DeLOACH, Clerk
By_____Deputy

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 04-20017-01-JWL |
| ) | |
| **MANOJ JAIN,** ) | |
| **HARVEY GREENWALD,** ) | |
| **RICHARD CAYCE, SR.,** ) | |
| and ) | |
| **RICHARD CAYCE, JR.,** ) | |
| ) | |
| Defendants. ) | |

## THIRD SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT 1

1. At all times material to this indictment, MANOJ JAIN was the owner, president, and chief executive officer (CEO) of BioCore, Inc. ("BioCore"), and its affiliates, BioFoods, Inc. ("BioFoods"), and BioCore Medical Technologies, Inc. ("BMT"). Those entities, which operated at facilities in Topeka, Kansas, and Oskaloosa, Kansas, conducted research and produced medical products, including collagen-based products that assist in the healing of wounds.

2. At all times material to this indictment, HARVEY GREENWALD operated and controlled various entities at the same offices in Fort Worth, Texas, including Arber Corporation and Aljack Sales Corporation.

3. At all times material to this indictment, American Bank, 7701 E. Kellogg, Wichita, Kansas, ("American Bank") was a financial institution with deposits insured by the Federal Deposit Insurance Corporation.

4. From on or about April 2, 1999, and ending on or about September 22, 1999, in the District of Kansas and elsewhere, the defendants,

MANOJ JAIN
and
HARVEY GREENWALD,

aiding and abetting each other, devised a scheme and artifice to defraud American Bank, and to obtain moneys, funds, and credits owned by and under the custody and control of American Bank, by means of false and fraudulent pretenses, representations, and promises. It was part of the scheme and artifice that the defendants would commit the following acts:

(a) On or about April 2, 1999, the exact date being unknown to the grand jury, MANOJ JAIN applied at American Bank for a business loan to BioCore.

(b) To obtain that loan, MANOJ JAIN submitted or caused to be submitted to American Bank an appraisal of equipment which was purportedly owned by BMT, dated August 20, 1999, knowing the bank would rely upon that appraisal, in part, in deciding whether to make the loan. With the knowledge of MANOJ JAIN, the appraiser knowingly falsified the appraisal and substantially increased the market value of the equipment. To provide some of the supporting documents for that appraisal, HARVEY GREENWALD caused the preparation of falsified invoices and correspondence which fraudulently stated the prices at which MANOJ JAIN purportedly purchased some of the equipment from Arber Corporation.

(c) As a further condition of the loan application, American Bank required MANOJ JAIN to provide copies of his personal income tax returns which the bank would rely upon, in part, in deciding whether to make the loan. MANOJ JAIN submitted or caused to be submitted to American Bank copies of his 1996 and 1997 IRS Form 1040 Individual Income Tax Returns, which he represented to have been filed with the IRS. However, JAIN had not filed tax returns for 1996 and 1997 with the IRS.

(d) On September 22, 1999, MANOJ JAIN, in his capacity as CEO of BioCore, BioFoods, and BMT, signed a promissory note for BioCore to borrow $1,000,000 from American Bank, with BioFoods and BMT as cosigners on the loan.

5. On or about September 22, 1999, in the District of Kansas, the defendants,

MANOJ JAIN
and
HARVEY GREENWALD,

aiding and abetting each other, knowingly executed the scheme and artifice as set forth above, in that the defendant MANOJ JAIN obtained a $1,000,000 loan from American Bank to BioCore. This is in violation of Title 18, United States Code, §§ 2 and 1344.

COUNT 2

1. The Grand Jury incorporates by reference the allegations contained in paragraphs 1 and 2 of Count 1 as though fully stated herein.

2. At all times material to this indictment, RICHARD CAYCE, SR., and another person (who is not a defendant in this count) owned and operated an entity known as August Trading, L.L.C. ("August Trading"), with offices in Fort Worth, Texas.

3. At all times material to this indictment, First Savings Bank, 701 Poyntz, Manhattan, Kansas, ("First Savings Bank") was a financial institution with deposits insured by the Federal Deposit Insurance Corporation.

4. From on or about December 8, 1999, and continuing through on or about May 11, 2000, in the District of Kansas and elsewhere, the defendants,

> MANOJ JAIN,
> HARVEY GREENWALD,
> and
> RICHARD CAYCE, SR.,

aiding and abetting each other, devised a scheme and artifice to defraud First Savings Bank, and to obtain moneys, funds, and credits owned by and under the custody and control of First Savings Bank, by means of false and fraudulent pretenses, representations, and promises. It was part of the scheme and artifice that the defendants would commit the following acts:

(a) On or about December 15, 1999, MANOJ JAIN applied at First Savings Bank for a business loan to BioFoods and BMT.

(b) To obtain that loan, MANOJ JAIN submitted or caused to be submitted to First Savings Bank an appraisal of equipment which was purportedly owned by BMT, dated August 20, 1999, knowing the bank would rely upon that appraisal, in part, in deciding whether to make the loan. With the knowledge of MANOJ JAIN, the appraiser had knowingly falsified the appraisal and substantially increased the market value of the equipment. To provide some of the supporting documents for that appraisal, HARVEY GREENWALD had caused the preparation of falsified invoices and correspondence which

4

fraudulently stated the prices at which MANOJ JAIN purportedly purchased some of the equipment from Arber Corporation.

(c) To further support that loan application, MANOJ JAIN submitted or caused to be submitted to First Savings Bank an appraisal, dated December 15, 1999, which was done by a second appraiser on additional equipment which was purportedly owned by BioFoods, knowing the bank would rely upon that appraisal, in part, in deciding whether to make the loan. The second appraiser was recruited by HARVEY GREENWALD on or about December 8, 1999, the exact date being unknown to the grand jury. At the direction of HARVEY GREENWALD, that appraiser knowingly falsified his appraisal, in which he valued the additional equipment at $2,650,000.

(d) As a further condition of the loan application, First Savings Bank required MANOJ JAIN to provide copies of his personal income tax returns which the bank would rely upon, in part, in deciding whether to make the loan. MANOJ JAIN submitted or caused to be submitted to First Savings Bank copies of his 1996 and 1997 IRS Form 1040 Individual Income Tax Returns, which he represented to have been filed with the IRS. However, JAIN had not filed tax returns for 1996 and 1997 with the IRS.

(e) On or about May 5, 2000, HARVEY GREENWALD caused the preparation of an invoice which falsely showed that BioFoods owed Arber Corporation $150,000 for the recalibration, preparation, and delivery of equipment; MANOJ JAIN then submitted or caused to be submitted that invoice to First Savings Bank as part of the loan application process. On or about May 9, 2000, MANOJ JAIN and HARVEY GREENWALD caused the preparation of an invoice which falsely showed that BioFoods owed Arber Corporation $205,700 for the purchase of equipment; MANOJ JAIN then submitted or

caused to be submitted that invoice to First Savings Bank as part of the loan application process. First Savings Bank wired $355,700 to an Arber Corporation account at Woodhaven Bank in Fort Worth, Texas, on or about May 11, 2000.

(f) On or about May 9, 2000, RICHARD CAYCE, SR., caused the preparation of an invoice which falsely showed that BioFoods owed August Trading $475,387.54 for the purchase of raw collagen product and related supplies; MANOJ JAIN then submitted or caused to be submitted that invoice to First Savings Bank as part of the loan application process. First Savings Bank wired $439,350.97 to an August Trading account at Bank of America in Texas, on or about May 11, 2000.

(g) On or about May 10, 2000, MANOJ JAIN, in his capacity as president of BioFoods and BMT, signed a promissory note for BioFoods and BMT to borrow $3,950,000 from First Savings Bank.

5. On or about May 11, 2000, in the District of Kansas, the defendants,

> MANOJ JAIN,
> HARVEY GREENWALD,
> and
> RICHARD CAYCE, SR.,

aiding and abetting each other, knowingly executed the scheme and artifice as set forth above, in that the defendant MANOJ JAIN obtained a $3,950,000 loan from First Savings Bank to BioFoods and BMT. This is in violation of Title 18, United States Code, §§ 2 and 1344.

## COUNT 3

1. From on or about May 11, 2000, and continuing through on or about July 14, 2000, in the District of Kansas and elsewhere, the defendants,

> MANOJ JAIN,
> HARVEY GREENWALD,
> RICHARD CAYCE, SR.
> and
> RICHARD CAYCE, JR.,

willfully and knowingly conspired and agreed to commit an offense defined by Title 18, United States Code, Section 1956(a)(1)(B)(i), that being the knowingly and willfully conducting and attempting to conduct financial transactions affecting interstate and foreign commerce, as set forth in the overt acts herein, which involved the proceeds of bank fraud, which is a specified unlawful activity, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transactions knowing that the property involved in the financial transactions, being the funds set forth in the overt acts herein, represented the proceeds of some form of unlawful activity. As part of the conspiracy, and in order to effect the objects thereof, one or more of the conspirators performed one or more of the following overt acts, among others:

2. During the period from on or about May 11, 2000, and continuing through on or about July 14, 2000, RICHARD CAYCE, SR., and RICHARD CAYCE, JR., owned and operated an entity known as August Trading, L.L.C. ("August Trading"), with offices in Fort Worth, Texas.

3. During the period from on or about May 11, 2000, and continuing through on or about July 14, 2000, HARVEY GREENWALD and RICHARD CAYCE, SR., were owners of and operated an entity known as ODC Biotech International, Ltd. ("ODC Biotech").

4. During the period from on or about May 11, 2000, and continuing through on or about July 14, 2000, HARVEY GREENWALD operated and controlled an entity known as Aljack Sales Corporation ("Aljack").

5. During the period from on or about May 11, 2000, and continuing through on or about July 14, 2000, MANOJ JAIN owned and operated BioCore Medical Technologies, Inc. ("BMT").

6. On or about May 11, 2000, First Savings Bank wired $439,350.97 to an August Trading account at Bank of America as a result of the bank fraud set forth in Count 2, which is incorporated herein by reference.

7. On or about May 15, 2000, RICHARD CAYCE, JR., wrote a check on the August Trading account at Bank of America payable to ODC Biotech in the amount of $180,400.00 and caused it to be deposited in an ODC Biotech account at Bank of America. On or about May 16, 2000, RICHARD CAYCE, SR., caused a wire transfer of funds in the amount of $161,919.40 from the ODC Biotech account at Bank of America to a BMT account at Community America Credit Union. On or about May 16, 2000, MANOJ JAIN caused a wire transfer of funds in the amount of $10,000.00 from the BMT account at Community America Credit Union to his personal account at Country Club Bank.

8. On or about May 18, 2000, RICHARD CAYCE, JR., wrote a check on the August Trading account at Bank of America payable to ODC Biotech in the amount of $75,000.00 and caused it to be deposited in the ODC Biotech account at Bank of America. On or

8

about May 18, 2000, RICHARD CAYCE, JR., caused a wire transfer of funds in the amount of $70,391.40 from the ODC Biotech account at Bank of America to the BMT account at Community America Credit Union. On or about May 26, 2000, MANOJ JAIN caused a wire transfer of funds in the amount of $24,500.00 from the BMT account at Community America Credit Union to his personal account at Country Club Bank. On or about May 31, 2000, RICHARD CAYCE, JR., wrote a check on the ODC Biotech account at Bank of America payable to BMT in the amount of $21,000.00, which was deposited in the BMT account at Community America Credit Union.

9. On or about June 12, 2000, RICHARD CAYCE, JR., wrote a check on the August Trading account at Bank of America payable to ODC Biotech in the amount of $80,000.00 and caused it to be deposited in the ODC Biotech account at Bank of America. On or about June 12, 2000, RICHARD CAYCE, JR., caused a wire transfer of funds in the amount of $76,135.80 from the ODC Biotech account at Bank of America to the BMT account at Community America Credit Union. On or about June 13, 2000, MANOJ JAIN caused a wire transfer of funds in the amount of $15,000.00 from the BMT account at Community America Credit Union to his personal account at Country Club Bank.

10. On or about May 30, 2000, RICHARD CAYCE, JR., wrote a check on the August Trading account at Bank of America payable to Aljack Sales in the amount of $26,714.00 and caused it to be deposited in an Aljack Sales account at Compass Bank. On or about May 31, 2000, HARVEY GREENWALD wrote a check on the Aljack Sales account at Compass Bank payable to BMT in the amount of $10,000.00, which was deposited in the BMT account at Community America Credit Union. On or about July 19, 2000, RICHARD CAYCE, JR., wrote a check on the August Trading account at Bank of

America payable to Aljack Sales in the amount of $21,200.00 and caused it to be deposited in the Aljack Sales account at Compass Bank.

11. On or about July 3, 2000, RICHARD CAYCE, JR., wrote a check on the August Trading account at Bank of America payable to BMT in the amount of $27,000.00, which was deposited in the BMT account at Community America Credit Union. On or about July 7, 2000, RICHARD CAYCE, SR., caused a wire transfer of funds in the amount of $19,200.00 from the August Trading account at Bank of America to the BMT account at Community America Credit Union. On or about July 14, 2000, MANOJ JAIN caused a wire transfer of funds in the amount of $10,000.00 from the BMT account at Community America Credit Union to his personal account at Country Club Bank.

All of the foregoing is in violation of Title 18, United States Code, Section 1956(h)

A TRUE BILL.

_____ FOREMAN

Dated: 3/30/05

_____ AUSA
                  11712

for ERIC F. MELGREN
United States Attorney
District of Kansas
1200 Epic Center
301 North Main
Wichita, Kansas 67202
Ks. S. Ct. No. 12430

(It is requested that trial of the above captioned case be held in Kansas City, Kansas.)

The Court acknowledges the return of this indictment in open court.

_____
U.S. DISTRICT JUDGE

10

**Penalties.**

Counts 1 & 2: A term of imprisonment of not more than 30 years, a fine of not more than $1,000,000 or twice the gross pecuniary gain from the offense or twice the gross pecuniary loss (whichever is greater), a term of supervised release of not more than five years, and a special assessment of $100.00.

Count 3: A term of imprisonment of not more than 20 years, a fine of not more than $250,000 or twice the gross pecuniary gain from the offense or twice the gross pecuniary loss (whichever is greater), a term of supervised release of not more than three years, and a special assessment of $100.00.